IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                            No. 20-CR-1311 WJ

JOSEPH MULAY,

    Defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF TERM OF SUPERVISED RELEASE

THIS MATTER IS BEFORE THE COURT on Defendant's Motion for Early Termination of Supervised Release, filed March 17, 2021 (Doc. 4) ("Motion").[1]  After reviewing the parties' briefing, attached exhibits, and the applicable law, the Court concludes that the Motion is not well taken and is therefore, **DENIED**.

### BACKGROUND

On May 9, 2001, Defendant was charged in the United States District Court for the District of Kansas in a nine-count indictment with (1) conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, (2) possession with intent to distribute approximately one kilogram of crack cocaine in violation of 21 U.S.C. § 846, (3) distributing approximately five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (4) disturbing approximately one ounce of marijuana in violation of 21 U.S.C. § 841(a)(1), (5) distributing .6 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (6) distributing 1.3 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (7) possession with intent to distribute approximately 151 grams of crack cocaine in

---

[1] The Motion is fully briefed.  *See* Docs. 5 (Response), 6 (Reply).

violation of 21 U.S.C. § 841(a)(1), (8) possession with intent to distribute approximately 1.8 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), and (9) possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). *See* Cause No. 5:01-cr-40033-SAC, U.S. District Court, D.KS, Doc. 16 ("Indictment"). Defendant pleaded guilty to three of the nine charges: Count VII possession with intent to distribute approximately 151 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), Count VIII possession with intent to distribute approximately 1.8 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), and Count IX possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at Docs. 41–1 (Plea Agreement), 61 (Judgment).

These convictions translated to a base offense level of 36, but after a Chapter Four enhancement and a downward adjustment for acceptance of responsibility, a total offense level of 34. Presentence Report ("PSR") at 14–18. Defendant's PSR also includes a lengthy recounting of his prior criminal history. Not including convictions before the age of eighteen, Defendant's criminal history features, among others, state court convictions for (1) criminal threat when Defendant pointed a gun inches away from a victim's face, (2) attempted battery (originally charged with domestic battery) for striking a female victim several times with a closed fist in a parking lot, choking her, and then pushing her to the ground, causing her head to bounce off the pavement, which rendered her unconscious, (3) domestic battery for striking his then wife, Ursula, with a closed fist, (4) aggravated assault, and (5) battery (originally charged with aggravated indecent liberties with a child 14 years of age, but less than 16 years of age) for having intercourse and allegedly impregnating a child younger than 16 years of age. This history earned Defendant

a criminal history category of III that was enhanced to VI because he was considered a career criminal. *Id*. at 18–33.[2]

Based on these characteristics, the sentencing guidelines prescribed 262–327 months for Counts VII and VIII, and a term of not less than five years for Count IX to run consecutively to any other term imposed. Notably, Defendant's plea agreement significantly reduced his sentencing exposure. If convicted on the dismissed charges, Defendant faced not less than ten years, no more than life for Count I, not less than five, no more than forty years for Counts II and III, not more than five years for Count IV, and not more than twenty years per count for Counts V and VI. *Id*. at 71.

On February 14, 2002, Defendant was sentenced to a term of incarceration of 240 months and to a mandatory term of five years of supervised release. *See* Judgment at 2–3; PSR at 71. Defendant completed his term of incarceration in October 2018. As of the date of this Order, Defendant has completed approximately 30 months of his 60-month term of supervised release. Defendant now moves to terminate that supervision.

The Government objects to Defendant's request for two reasons, first "defer[ing] to the position of the U.S. Probation and Pretrial Services Office which . . . is unable to support a request for early termination under its Guide to Judiciary Policy due to Defendant's status as a career criminal." Resp. 2. Second, the government "submits that the 18 U.S.C. § 3553(a) factors and the interest of justice do not weigh in favor of termination his supervised release." *Id*. The Court agrees.

---

[2] The Court also notes that at least thirty-eight other charges—including domestic battery, aggravated robbery, and aggravated assault with a deadly weapon—were either dismissed or dropped because a case was never filed. *See id*. 33–66.

3

## DISCUSSION

**I.    18 U.S.C. § 3553(a) Factors**

Under 18 U.S.C. § 3583(e)(1), "[a] district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (citing 18 U.S.C. § 3583(e)(1)). The factors include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

2. the need for the sentence imposed
    - to afford adequate deterrence to criminal conduct, § 3553(a)(2)(B);
    - to protect the public from further crimes of the defendant, § 3553(a)(2)(C);
    - to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(D);

3. the kinds of sentence and the sentencing range, § 3553(a)(4);

4. the applicable policy statement, § 3553(a)(5);

5. the need to avoid unwarranted sentence disparities, § 3553(a)(6); and

6. the need to provide restitution to any victims of the offense, § 3553(a)(7).

Based on the record in this case, the Court concludes that the factors weigh against early termination of supervised release.[3]

Beginning with the nature and circumstances of the offense charged, while possessing a firearm, Defendant committed a major trafficking offense that involved a large quantity of drugs: 151 grams of crack cocaine and 1.8 kilograms of marijuana. Defendant's history and

---

[3] With regard to § 3553(a)(2)(D), "[t]he United States acknowledges that Defendant has already taken significant steps toward gaining needed education and vocational training." Resp. 5. The Court agrees and therefore will not discuss this factor.

4

characteristics are just as concerning. As recited above, in the Court's abridged version of Defendant's criminal history, there are two instances of domestic violence, and one seriously troubling conviction involving a child that now qualifies Defendant as a sex offender. Nevertheless, Defendant now argues, among other things, that those prior instances of domestic abuse should not count against him because "[n]either of the convictions occurred with respect to his spouse Jennifer Mulay . . . ." Reply 4.[4] The Court takes exception to this logic, considering that in one of those prior convictions Defendant struck, choked, pushed, and caused a young woman's head to essentially ricochet off the pavement once her body hit the ground, rendering her unconscious. This factor weighs in favor of continued supervision.

The remaining factors also weigh against early termination. First, requiring Defendant to complete his term of supervised release is necessary to deter criminal conduct, protect the public from further crimes, and is consistent with the applicable policy statement, U.S.S.G § 5D1.2(c), which advises that "[t]he term of supervised release imposed shall be not less than any statutorily required term of supervised release." *Id*. § 5D1.2(c); *see also* §§ 3553(a)(2)(B), (a)(2)(C), (a)(5). Tellingly, Count VII, possession of cocaine base with the intent to distribute, required the sentencing court to impose a five-year minimum term of supervised release. *See* 21 U.S.C. § 841(b)(1)(A) ("any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years"). Although the Court need not address whether it can terminate early that statutory minimum term, that mandate "reflects a congressional judgment that defendants who commit certain drug offenses should serve at least a certain term of supervised release." *United States v. Hernandez-Flores*, 2012 WL 119609, at *3 (D.N.M. Jan. 3, 2012). But irrespective of

---

[4] The Court notes that Defendant is no longer married to Jennifer Mulay. *See* Final Decree of Legal Separation, filed July 20, 2016, No. D-202-DM-2016-001828, Second Judicial District Court, Bernalillo County, New Mexico. However, Defendant has been living with Ms. Mulay during his term of supervised release.

congressional intent, Defendant is a career offender and classified by the Bureau of Prisons as a sex offender. These three factors weigh in favor of continued supervision

Lastly, the Court must consider kinds of sentence and the sentencing range, as well as the need to avoid unwarranted sentence disparities. § 3553(a)(4)-(7). Defendant received a term of incarceration of 240 months, well below the prescribed guideline range of 262–327 months. Additionally, Defendant was originally charged with nine counts, thus his plea agreement to three of those counts greatly reduced his sentencing exposure. Requiring Defendant to serve thirty more months of supervised releases is appropriate under these circumstances and ensures that there is no disparity in sentencing between Defendant and others with similar records who engaged in similar conduct.

## II. Consideration of the Interest of Justice

Here, the Court concludes that continued supervision is necessary to serve the interests of justice. Although Defendant has technically complied with his conditions of supervised release,[5] compliance is the expectation, not the exception. And mere compliance cannot erase Defendant's criminal history, nor the circumstances surrounding his underlying offenses. Accordingly, the Court, in its broad discretion and after due consideration of the factors of 18 U.S.C. § 3553(a), finds that early termination of supervised release is not "warranted by the conduct of [Defendant] and the interest of justice." Section 3583(e)(1); *see also United States v. Begay*, 631 F.3d 1168, 1171 (10th Cir. 2011).

---

[5] To be clear, Defendant does not have any violations of supervised release filed with the Court, but the United States Probation Office has advised that from the beginning Defendant has been resistant, reluctant, and defensive towards his conditions of supervision. Apparently, Defendant has missed monthly reports, failed to submit monthly paystubs, failed to report contact with convicted felons, made out-of-state travel arrangements without authorization, and changed out-of-state hotel reservations without approval or notification.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release (Doc. 4) is **DENIED.**

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE